## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALISSA M. JUSTISON, and ALL SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES OF McDONALD'S CORPORATION AND ITS WHOLLY OWNED SUBSIDIARIES, <br><br> Plaintiffs, <br><br> v. <br><br> McDONALD'S CORPORATION (a Delaware corporation), and ALL OTHER WHOLLY OWNED SUBSIDIARIES OF McDONALD'S CORPORATION WHICH HAVE EMPLOYED SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES SINCE July 18, 2005, <br><br> Defendants. | C.A. NO. <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Alisa M. Justison ("Ms. Justison" or "Named Plaintiff") for herself individually, and on behalf of all similarly situated current and former employees of McDonald's Corporation (collectively and individually "Plaintiffs"), file this action against Defendant McDonald's Corporation ("McDonald's") and all other wholly owned subsidiaries of McDonald's that have employed Plaintiffs (collectively and singularly "Defendants") for past wages owed in the nature of unpaid overtime pay as well as other damages and remedies.

2. Defendants willfully, or with reckless disregard, violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 et seq., when it willfully failed to pay them for overtime worked and intentionally misclassified them as "exempt" employees under the FLSA.

## JURISDICTION AND NATURE OF ACTION

3. This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

5. At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6. At all relevant times herein, Defendants employed and continue to employ persons in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and, also at all relevant times herein, Defendants engaged and continue to engage in commerce by selling and/or providing goods and/or services to its customers.

7. At all relevant times herein, Defendants' businesses and enterprises have/had an annual gross volume of sales made and/or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

8. Defendants have employed or currently employ Plaintiffs in the positions of Assistant Managers or in similar nonexempt positions.

9. Defendants have exercised and continue to exercise direction and control over the employment and compensation of Plaintiffs. Defendants employ Plaintiffs in every state in the United States of America.

10. Defendants suffered or permitted, and continue to suffer or permit Plaintiffs to work in excess of forty (40) during their work weeks without compensating them as required under the FLSA.

## PARTIES

11. Named Plaintiff, Alissa M. Justison, is an individual residing at 31 Stevens Avenue, New Castle, DE 19720 and a former employee of McDonald's Corporation.

12. Additional Plaintiffs ("Unnamed Plaintiffs") are current and former employees of Defendants who between July 18, 2005 and present did not receive all overtime compensation due them under the FLSA.

13. Ms. Justison filed a written consent to join this action. (attached hereto at Ex. A).

14. Former and current employees may file written consents to join this representational action.

15. Defendant, McDonald's Corporation, is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

16. Additional Defendants include all of McDonald's wholly owned subsidiaries, affiliates or any other wholly owned entity.

## FACTUAL BACKGROUND

17. The Named Plaintiff is situated similarly to a number of current and former employees of Defendants who worked as Assistant Managers, which include 1st Assistant Managers and/or 2nd Assistant Managers (collectively "Assistant Managers") or were employed in similar nonexempt positions during the three years immediately preceding the filing of this lawsuit.

18. Plaintiffs were required to undergo three months of training at an off site facility.

19. During this training period Plaintiffs routinely engaged in training in excess of forty hours per week, but were not compensated for the time worked in excess of forty hours per week.

20. As trainees, Plaintiffs supervised no employees and exercised no discretion whatsoever.

20. During their training, Plaintiffs were required to provide their own transportation to and from the training site. Named Plaintiff's travel to and from the training facility amounted to one and one half hours to the training facility and one and one half hours from the training facility. Some Plaintiffs travel to and from the training facilities is in excess of that which Named Plaintiff traveled every day.

21. Plaintiffs were not compensated whatsoever for this extensive travel time.

22. Following the three month training period, Plaintiffs had the same or closely similar job duties as the Named Plaintiff. Such duties included but are not limited

to: preparing food, taking and filling customers' orders at the counter inside McDonald's restaurants, working at the drive through window taking orders and filling orders, taking inventory, receiving customers' money in payment for their food and making appropriate change, and removing trash from the trash cans. Such work encompassed Plaintiffs' primary duties.

23. Plaintiffs were permitted little discretion in their duties and were required to perform those duties pursuant to Defendants' policies and procedures.

24. Plaintiffs were unable to hire or fire other employees without the approval of a supervisor.

25. Plaintiffs were not customarily and regularly involved in the direction of the work of two or more other full-time employees nor was such direction of two or more other full-time employees their primary duty.

26. Plaintiffs often worked shifts with only one other employee.

27. Plaintiffs were not permitted to exercise discretion and independent judgment with respect to matters of significance to Defendants nor was such exercise of discretion and independent judgment their primary duty.

28. Plaintiffs were required to work predetermined hours.

29. Plaintiffs were often required to perform substantial work duties on behalf of and for the benefit of Defendants during their meal breaks with no compensation.

30. All Plaintiffs were paid by Defendants in the same manner in violation of the FLSA.

31. Accordingly, the Named Plaintiff is representative of all Plaintiffs employed as Assistant Managers or other similar nonexempt positions.

32. For the three-year period immediately preceding the filing of this Complaint, Defendants failed to pay Plaintiffs compensation for which they were entitled under the FLSA for, on average, at least 10 to 20 hours per week. Some Plaintiffs worked in excess of this amount with no overtime compensation.

33. Defendants willfully and knowingly misclassified Plaintiffs as "exempt" employees under the FLSA as Plaintiffs do not fall within an exemption permitted by the FLSA.

34. Defendants knew and showed reckless disregard for the fact that their pay policies and/or practices with respect to Plaintiffs violated the FLSA. Defendants' violations in this regard were committed willfully and recklessly in that Defendants knew that Plaintiffs were working at least 10 to 20 hours or more in excess of 40 hours per work week and that Plaintiffs were not receiving the compensation to which Plaintiffs were entitled under the FLSA.

35. The precise amount of compensation due to Plaintiffs is unknown because the information required (i.e. time records, work schedules, etc.) are under the exclusive control of Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 35 by reference as if specifically set forth herein.

37. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continues to willfully, or with reckless disregard, violate Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by misclassifying

Plaintiffs as an employees who are exempt from the overtime requirements of the FLSA and applicable regulations and in failing and refusing to pay time-and-a-half to Plaintiffs who routinely worked in excess of forty (40) hours per work week.

38. Defendant is bound by federal law to pay all non-exempt employees time-and-a-half (1.5) times their regular rate of pay for all time worked in excess of forty (40) hours per work week.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 38 by reference as if specifically set forth herein.

37. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continues to willfully, or with reckless disregard, violate Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), of the overtime requirements of the FLSA and applicable regulations and in failing and refusing to pay time-and-a-half to Plaintiffs who were trainees at Defendants' training facilities and worked in excess of forty (40) hours per work week at the training facility, as well as for excessive travel time to and from the training facility.

38. Defendant is bound by federal law to pay all non-exempt employees time-and-a-half (1.5) times their regular rate of pay for all time worked in excess of forty (40) hours per work week.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and award the following relief:

a) Pursuant to the procedure the United States Supreme Court set forth in *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 110 S.Ct. 482 (1989), approve the sending

7

of a Notice and Consent form to all Plaintiffs who Defendants employed as non-exempt Assistant Manager employees between July 18, 2005 and the present time. The notice shall inform each such individual of this lawsuit and the right to file a written consent to join the lawsuit as a Plaintiff;

b) Certification of this action as a collective action brought pursuant to the FLSA, 29 U.S.C. § 216(b).

(c) Designation of Named Plaintiff as representative of the FLSA collective action;

d) Award Plaintiffs all compensation due for all time worked during the three years before the filing of this Complaint;

e) Award Plaintiffs compensation at time and one half for all hours worked in excess of 40 per week during the three years before the filing of this Complaint

f) Award Plaintiffs an equal and additional amount as liquidated damages;

g) Award Plaintiffs costs and reasonable attorney's fees;

h) Award Plaintiffs interest accruing from each week that Defendants failed to compensate Plaintiffs for overtime worked;

i) Declare that Defendants' policies and/or practices identified herein are and continue to be in direct violation of the FLSA and enjoin Defendants from continuing said policies and/or practices; and

j) Any and all such other relief as the Court deems appropriate under the circumstances.

*MARTIN & WILSON, P.A.*

_____
Timothy J. Wilson, Esquire (#4323)
Jeffrey K. Martin, Esquire (#2407)
1508 Pennsylvania Avenue
Wilmington, Delaware 19806
(302) 777-4680 phone
(302) 777-4682 facsimile
*Attorneys for Plaintiffs*

Dated: July 18, 2008