IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALISSA M. JUSTISON and JOSEPH M. CAPITANI, JR, on behalf of themselves individually and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S CORPORATION (a Delaware corporation),<br><br>Defendant. | C.A. No. 08-448<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Plaintiffs Alissa M. Justison and Joseph M. Capitani, Jr, on behalf of themselves individually and all other similarly situated employees, bring this First Amended Collective Action Complaint against Defendant McDonald's Corporation and allege the following upon information and belief:

## INTRODUCTION

1. Plaintiffs Alissa M. Justison and Joseph M. Capitani, Jr. ("Named Plaintiffs") for themselves individually, and on behalf of all other similarly situated current and former employees of McDonald's Corporation (collectively and individually "Plaintiffs"), bring this action against Defendant McDonald's Corporation ("McDonald's" or "Defendant") for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and seek past wages owed in the nature of unpaid overtime pay, as well as other damages and remedies.

1

2. This case challenges Defendant's policy and practice of misclassifying Assistant Managers as exempt employees during a mandatory Training Period, even though such employees perform primarily the same non-exempt duties as regular non-exempt crewmember employees. As a result of this policy and practice, Defendant has failed to pay Assistant Managers overtime wages that they have earned and to which they are entitled, and have failed to pay Assistant Managers for all hours worked during the mandatory Training Period.

3. Named Plaintiffs and other similarly situated employees are current and former Assistant Manager employees of McDonald's corporate owned and operated restaurants who have participated in a one to three month mandatory Training Period ("Training Period"), during which they were wrongly classified as salaried exempt managerial employees.

4. Defendant is McDonald's Corporation which includes McDonald's corporate owned and operated restaurants. According to its website, McDonald's is the leading global food service retailer with more than 30,000 local restaurants serving 52 million people in more than 100 countries each day. Of these restaurants, over 2,000 are corporate owned and operated stores in the United States, which are the subject of this action.

5. McDonald's hires individuals to work as Assistant Managers. Upon hiring, Assistant Managers are required to undergo a Training Period of one to three months, often at a different restaurant than the restaurant in which the Assistant Managers will eventually work after the Training Period. During the Training Period, Assistant Managers rotate among the various stations at the restaurant as needed and directed by their supervisors, and perform the same duties as non-exempt crewmember employees.

6. Although it is questionable to what extent Assistant Managers are exempt employees after the Training Period, during the Training Period Assistant Managers primarily

2

perform the same non-exempt duties as non-managerial non-exempt employees – i.e., working at the cash register, attending to the drive through windows, taking and filling orders, working at the fry and grill stations.

7. Furthermore, during the Training Period, these Assistant Managers do not perform managerial duties. They do not supervise any other employees, do not have any authority to hire or fire employees, and do not make recommendations about the hiring, firing, promotion, or demotion of any other employees which are given any weight. They do not use discretion or independent judgment to perform their duties during the Training Period, and in fact are discouraged from exercising any such independent judgment.

8. However, during this Training Period, the newly hired Assistant Managers are not paid any overtime premium for overtime hours worked, even though they are required to and do work more than 40 hours per workweek. As a result of these policies and practices, Assistant Managers are denied the overtime and other wages which they have rightfully earned and to which they are entitled under the FLSA.

9. Defendant willfully engaged and continues to engage in a policy and practice of requiring or permitting non-exempt Assistant Managers to perform work in excess of forty (40) hours in a week without compensating those non-exempt Assistant Managers for this time during the Training Period. This policy and practice results in Defendant failing to pay Plaintiffs overtime compensation for overtime hours worked, and, thus, depriving the Plaintiffs of large amounts of wages which they have earned and to which they are entitled.

10. Defendant's practices are in direct violation of the FLSA. Plaintiffs seek compensation and credit for all uncompensated worktime, including overtime compensation,

3

liquidated and other damages as permitted by federal law; and reasonable attorneys' fees and costs.

## JURISDICTION AND NATURE OF ACTION

11. This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the Fair Labor Standard Act ("FLSA"), as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

13. At all relevant times herein, Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times herein, Defendant employed and continues to employ persons in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and, also at all relevant times herein, Defendant engaged and continues to engage in commerce by selling and/or providing goods and/or services to its customers.

15. At all relevant times herein, Defendant's businesses and enterprises have/had an annual gross volume of sales made and/or business done in an amount of not less than five hundred thousand dollars ($500,000.00).

16. Defendant has employed or currently employs Plaintiffs in the position of Assistant Managers or similarly titled positions.

17.     Defendant exercised and continues to exercise direction and control over the employment and compensation of Plaintiffs. Defendant employs Plaintiffs in every state in the United States of America.

18.     Defendant suffered or permitted, and continues to suffer or permit Plaintiffs to work in excess of forty (40) hours during work weeks during the Training Period without compensating them as required under the FLSA.

## PARTIES

19.     Named Plaintiff Alissa M. Justison is an individual residing in New Castle, DE and is a former employee of McDonald's Corporation. She held the position of Assistant Manager while employed by McDonald's Corporation from approximately September 2005 until August 2006. She participated in an initial training when she was named as an Assistant Manager in 2005. Ms. Justison has filed a written consent to join this action.

20.     Named Plaintiff Joseph M. Capitani, Jr. is an individual residing in Newark, DE and is a former employee of McDonald's Corporation. He held the position of Assistant Manager while employed by McDonald's Corporation from approximately April 2007 through September 2007. He participated in an initial training when he was named as an Assistant Manager in 2007. Mr. Capitani, Jr., has filed a written consent to join this action.

21.     Additional Plaintiffs are current and former employees of Defendant who between July 18, 2005 and the present were trained as Assistant Managers and who did not receive all overtime compensation due to them under the FLSA during the Training Period. Former and current employees may file written consents to join this representational collective action.

22.     Defendant McDonald's Corporation is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is the Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## FACTUAL BACKGROUND

23.     The Named Plaintiffs and other similarly situated employees are current and former employees of Defendant who worked as Assistant Managers, or were employed in similar non-exempt positions and who were trained as Assistant Managers during the three years immediately preceding the filing of this lawsuit.

24.     The operations of McDonald's restaurants, and the wages and compensation of employees at each of its offices or locations, are substantially similar, if not identical.

25.     After being hired as Assistant Managers, Plaintiffs were required by McDonald's to undergo a mandatory Training Period at a McDonald's restaurant.

26.     During this Training Period, McDonald's had a policy and practice of classifying Plaintiffs as salaried exempt employees. Plaintiffs were paid a set amount of money each pay period regardless of how many hours Plaintiffs work. However, during the Training Period, Plaintiffs spent the majority of their time engaged in non-exempt production line duties and did not perform any managerial duties, did not supervise two or more employees, did not hire or fire employees, and did not exercise any discretion or independent judgment with respect to matters of significance.

27.     During this Training Period, Plaintiffs routinely engaged in work for Defendant in excess of 40 hours per week. However, as a result of Defendant's policy and practice of

misclassifying Plaintiffs as exempt from the overtime provisions of the FLSA, Plaintiffs were not compensated at the applicable overtime rate of 1 ½ times their regular rate for any hours worked in excess of 40 in a week.

28. During the Training Period, Plaintiffs performed primarily the regular line duties of non-exempt employees, including, but not limited to, preparing food, taking and filling customers' orders at the counter inside McDonald's restaurants, working at the drive through window taking and filling orders, taking inventory, working the cash registers, and removing trash from trash cans.

29. During the Training Period, Plaintiffs did not supervise any employees, did not have the authority to hire or fire other employees, and did not make suggestions or recommendations concerning hiring, firing, promotion or demotion of other employees.

30. During the Training Period, Plaintiffs were permitted little discretion in their duties and were required to perform those duties pursuant to Defendant's policies and procedures.

31. Defendant willfully and knowingly misclassified Plaintiffs as exempt employees under the FLSA as Plaintiffs do not fall within any exemption permitted by the FLSA.

32. Training also occurred at an offsite facility or a different McDonald's store. During their Training Period, Plaintiffs were required to provide their own transportation to and from the Training Period store for the benefit of McDonalds. Named Plaintiffs' travel to and from the Training Period store was substantial and in excess of the normal commute times for the area.

33. Due to Defendant's policy and practice of wrongly classifying Assistant Managers as exempt, Plaintiffs were not compensated for their extensive travel time.

34. In addition to the time spent at the restaurant or training facility, Plaintiffs were required to complete study assignments as part of their training after their onsite training for the day was completed. Named Plaintiffs on average expended approximately two hours each day completing these required study assignments.

35. Named Plaintiffs and all other Plaintiffs were paid by Defendant in the same manner in violation of the FLSA.

36. Defendant's unlawful conduct has been widespread, repeated and consistent at each of its locations.

37. Defendant knew or should have known that its policies and practices denied Plaintiffs overtime compensation in violation of the FLSA.

38. Defendant willfully violated the FLSA, 29 U.S.C. § 201 *et seq.*, as well as the applicable United Stated Department of Labor Regulations, including 29 C.F.R. §541.100 *et seq.*, when it intentionally misclassified Plaintiffs as "exempt" employees under the FLSA and failed to pay Plaintiffs for overtime worked.

39. The conduct of Defendant, as set out above, was willful, carried out in bad faith and caused significant damages in an amount to be determined at trial, to the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

40. Named Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b), for all claims asserted by Named Plaintiffs for Plaintiffs, because the claims of Named Plaintiffs are similar to the claims of the Plaintiffs.

41. In addition to Named Plaintiffs, numerous of Defendant's current and former employees are similarly situated to Named Plaintiffs with regard to Defendant's job requirements and pay provisions during the relevant time period, as described herein.

42. Plaintiffs are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work in excess of 40 hours a week without overtime compensation.

43. Named Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as Named Plaintiffs' own interests in bringing this action.

44. These similarly situated employees are known to Defendant and are readily identifiable and locatable via Defendant's records.

45. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b), for the purpose of adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Named Plaintiffs reallege and incorporate the foregoing paragraphs as if specifically set forth herein.

47. At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate "commerce" and/or the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed, and continues to employ, "employee[s]," including Plaintiffs, who were, and continue to be, engaged in interstate commerce and/or the production of goods for commerce.

48. At all relevant times, Defendant engaged, and continues to engage, in a willful policy, pattern, or practice of classifying its trainee Assistant Managers, including Plaintiffs, as exempt from the overtime provisions of the FLSA. As a result, Defendant requires/d or permits/ted Plaintiffs to work overtime hours without paying them overtime compensation.

49. At no relevant time during the Training Period were the primary duties of Named Plaintiffs or Plaintiffs the management of the enterprise in which they were employed nor did the Named Plaintiffs or Plaintiffs customarily or regularly direct the work of two or more other employees, nor did Named Plaintiffs or Plaintiffs have authority to hire or fire other employees.

50. At no relevant time have the primary duties of the Named Plaintiffs or Plaintiffs been exempt duties requiring the exercise of discretion and independent judgment with respect to matters of significance.

51. No provision of law exempted or exempts Named Plaintiffs or Plaintiffs from the right to overtime pay.

52. Defendant engaged and continues to engage in a willful policy and practice of failing and refusing to fully compensate Plaintiffs who were trainees at Defendant's Training Period stores for hours worked in excess of forty (40) per workweek at the Training Period stores, for time completing required study assignments, and for excessive time spent in travel to and from the Training Period stores, in violation of Sections 7 and 5(a) for the FLSA, 29 U.S.C. §§ 207 and 215(a), of the overtime requirements of the FLSA and applicable regulations.

53. As a result, Defendant required or permitted Plaintiffs to work overtime hours without paying them overtime compensation.

54. Further, as a result of Defendant's willful failure to record, report, credit and/or compensate its non-exempt hourly employees employed as trainee Assistant Managers, including

Plaintiffs, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§ 211(c) and 215(a).

55. As a result of the aforementioned violations, Defendant damaged the Plaintiffs in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

56. Named Plaintiffs, on behalf of themselves and the Plaintiffs, seek damages in the amount of the respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

57. Named Plaintiffs, on behalf of themselves and the Plaintiffs, also seek recovery of reasonable attorneys' fees and costs of action from Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE** Named Plaintiffs, on behalf of themselves and Plaintiffs, respectfully move this Court to enter judgment in their favor and award the following relief:

a. Pursuant to the procedure the United State Supreme Court set forth in *Hoffman LaRoche v. Sperling*, 493 U.S. 165 (1989), approve the sending of a Notice and Opt-in Consent form to all Plaintiffs who Defendant employed as non-exempt Assistant Manager employees and who underwent training between July 18, 2005 and the present. The notice shall inform such individuals of this lawsuit and their right to file written consents to join the lawsuit as Plaintiffs;

b. Certification of this action as a collective action brought pursuant to the FLSA, 29 U.S.C. § 216(b);

c. Designation of the Named Plaintiffs as representative plaintiffs of the FLSA collective action;

d. Award Plaintiffs all compensation due for all time worked during the three years before the filing of this Complaint;

e. Award Plaintiffs compensation at time and one half for all hours worked during training in excess of 40 hours per week during the three years prior to the filing of this Complaint;

f. Award Plaintiffs an equal and additional amount as liquidated damages;

g. Award Plaintiffs costs and reasonable attorney's fees;

h. Award Plaintiffs interest accruing from each week that Defendant failed to compensate Plaintiffs for overtime worked;

i. Declare that Defendant's policies and/or practices identified herein are and continue to be in direct violation of the FLSA and enjoin Defendant from continuing said policies and/or practices; and

j. Any and all such other relief as the Court deems appropriate under the circumstances.

Respectfully Submitted,

Timothy J. Wilson (DE Bar #4323)
Jeffrey K. Martin (DE Bar #2407
MARTIN & WILSON, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806
Tel: (302) 777-4680
Fax: (302) 777-4682
Email: twilson@martinandwilson.com

Jonathan Berger
Shanon J. Carson
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-4656
Fax: (215) 875-3053
Email: scarson@bm.net

Todd M. Schneider
Joshua Konecky
Camilla Roberson
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
Email: jkonecky@schneiderwallace.com

Dated: November 14, 2008