IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALISSA M. JUSTISON and JOSEPH M.
CAPITANI, JR, on behalf of themselves
Individually and all others similarly situated,

              Plaintiffs,

              v.

McDONALD'S CORPORATION (a Delaware
corporation),

              Defendant.

C.A. No. 08-448 (JJF)

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RESPONSES**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Scott A. Holt (No. 3399)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com, sholt@ycst.com,
jhiggins@ycst.com

MECKLER BULGER TILSON MARICK
& PEARSON LLP
Paul R. Garry
Erika Dillon
Kristen A. Weisse
Jason E. Barsanti
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7900

*Attorneys for Defendant McDonald's Corporation*

Dated:  October 23, 2009

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

SUMMARY OF ARGUMENT ........................................................................... 3

STATEMENT OF FACTS ................................................................................ 4

    I.    Background............................................................................................ 4

    II.    Requests for Documents at Issue in the
           Plaintiffs' Motion to Compel ............................................................... 6

ARGUMENT .................................................................................................. 7

    I.    Plaintiffs are not entitled to the potential class member list............... 7

          A.    A class list is relevant only if this case is conditionally
                certified as a collective action................................................ 7

          B.    Even if the class list is relevant for conditional certification,
                the balancing of factors weighs against production at this stage ............12

                1.    The private nature of the material requested
                        outweighs any need that Plaintiffs may have
                        for the information ............................................12

                2.    Plaintiffs are not entitled to personal email
                        addresses or telephone numbers........................................14

    II.    The location of all McDonald's corporate-owned stores is not
           relevant for any claim or defense at issue in this lawsuit ....................15

    III.    McDonald's has already complied with Interrogatory Nos. 12
            and 13 and Requests for Production Nos. 9, 10, and 11 ......................16

CONCLUSION................................................................................................16

# TABLE OF AUTHORITIES

*Acevedo v. Ace Coffee Bar, Inc.*
   248 F.R.D. 550, 553 (N.D. Ill. 2008)..........................................................................13

*Alexander v. Federal Bureau of Investigation*
   194 F.R.D. 305, 310 (D.D.C. 2000)..........................................................................14

*Anderson v. Perdue Farms, Inc.*
   No. 1:06-CV-1000, 2007 WL 4554002, *1 (M.D. Ala. Dec. 20, 2007)...................11, 13

*Bird Hotel Corp. v. Super 8 Motels, Inc.*
   No. CIV 06-4073, 2007 WL 404703, *3-*4 (D.S.D. Feb. 1, 2007) ...............................10

*Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*
   586 F.2d 962, 966 (2nd Cir.1978)..............................................................................13

*Crawford v. Dothan City Bd. Of Educ.*
   214 F.R.D. 694 (M.D. Ala. 2003) ............................................................................... 9

*East Texas Motor Freight System, Inc. v. Rodriguez*
   431 U.S. 395, 405-06 (1977) .....................................................................................13

*Fei v. WestLB AG*
   No. 07CV8785 (HB)(FM), 2008 U.S. Dist LEXIS 33310, *5-6
   (S.D.N.Y. April 28, 2008)..........................................................................................11

*Flanigan v. Am. Fin. Sys. of Ga.*
   72 F.R.D. 563, 563 (M.D.Ga.1976) ...........................................................................15

*Flores v. Osaka Health Spa, Inc.*
   No. 05 Civ. 962VMKNF, 2006 WL 695675 (S.D.N.Y. March 16, 2006) .....................12

*Jacobsen v. Stop & Shop Supermarket Co.*
   2003 WL 21136308 at *3 (S.D.N.Y May 15, 2003)....................................................2, 9

*Knutson v. Blue Cross & Blue Shield of Minnesota*
   254 F.R.D. 553, 558 (D. Minn. 2008)................................................................ ......9, 11

*Lusardi v. Xerox Corp.*
   118 F.R.D. 351 (D.N.J. 1987) .................................................................................... 7

*Marden v. T-Mobile USA, Inc.*
   No. C05-2112 RSM, 2006 WL 1727987 (W.D. Wash. June 22, 2006) .........................11

DB02:8859854.1                                                                    067932.1001

*Morales v. Plantworks, Inc.*
No. 5 Civ. 2349 (DC), 2006 WL 278154 (S.D.N.Y. Feb. 1, 2006) ................................ 12

*National Organization for Women v. Sperry Rand Corp.*
88 F.R.D. 272, 276-77 (D.Conn.1980) ........................................................................... 13

*Onkuwa v. Federal Express Corp.*
178 F.R.D. 508, 516 (D. Minn. 1997) ........................................................................... 13

*Salinas v. O'Reilly Auto., Inc.*
No. 04-CV-1861-B, 2005 WL 3783598, *1 (N.D. Tex. Nov. 17, 2005) ........................ 9

*Shushan v. University of Colorado at Boulder*
132 F.R.D. 263, 268 (D. Colo. 1990) ........................................................................... 13

*Sjobloom v. Charter Communications, LLC*
2008 WL 4276928, *2-3 (W.D. Wis. Jan. 4, 2008) ....................................................... 10

*Stephens v. Erosion Containment Mgmt., Inc.*
No. 8:07-CV-1995, 2008 U.S. Dist. LEXIS 40986 (M.D. Fla. May 21, 2008) .............. 9

*Stillman v. Staples, Inc.*
No. 07-849 (KSH), 2007 U.S. Dist. LEXIS 58873, *2-3 (D.N.J. July 30, 2007) ........... 10

*Suntrust Bank v. Blue Water Fiber, L.P.*
210 F.R.D. 196 (E.D. Mich. 2002) ................................................................................. 12

*Trimbur v. Kentucky Lottery Corp.*
64 Fed.Appx. 970, 975 (6th Cir. 2003) ........................................................................ 12

*Villanueva-Bazaldua v. TruGreen Ltd. Partners*
479 F. Supp. 2d 411, 414-15 (D. Del. 2007) ............................................................... 1, 7

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Alissa M. Justison and Joseph M. Capitani, Jr. were hired by McDonald's restaurants in Maryland and Delaware, respectively to work as assistant managers.  Prior to becoming assistant managers, McDonald's required each of the Plaintiffs to complete an initial training process and designated them as manager trainees during that period.  The crux of this lawsuit is Plaintiffs' claim that during the time that Plaintiffs were designated as manager trainees, they were wrongly misclassified by McDonald's as employees exempt from overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*[1]  (First Am. Complaint, D.I. 3, at ¶¶ 2, 19-20, 25, 32-33.)  Because Plaintiffs' allege that it was McDonald's policy to designate manager trainees as non-exempt, Plaintiffs attempt to bring their claims individually and on behalf of a class of current and former McDonald's assistant manager trainees. (*Id.* at ¶¶ 2, 56, 57.)

FLSA collective actions are typically subject to a two-step certification process, *see, e.g., Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 414-15 (D. Del. 2007), and the parties in this matter agreed to bifurcate discovery to first address preliminary issues relating to conditional certification.  (D.I. 33 at 3.)  Because of several mutually agreed upon extensions of time, the discovery period for conditional certification issues did not close until October 12, 2009.  During this first phase of discovery, extensive interrogatories and more than 3,700 pages of documents were exchanged and party depositions were completed.  As a result of this discovery, contrary to the allegations in their Complaint, Plaintiffs learned that McDonald's policy is to classify manager trainees as ***non-exempt*** for overtime purposes.

---

[1]  Plaintiffs initially also asserted a claim based on the time spent commuting between their homes and their training locations (First Am. Complaint, D.I. 3, at ¶¶ 32-33); however, those allegations were withdrawn in response to Defendant's partial motion to dismiss. (D.I. 11 & 15.)

On March 30, 2009, as part of this class certification discovery process, McDonald's informed Plaintiffs that it objected to their request for a list of potential class members and a list of company-owned restaurants in operation nationwide during the class period.[2]   The parties "met and conferred" several times thereafter orally and in writing without resolution on these two issues.   This discussion culminated in a June 2009 conference call in which Plaintiffs' counsel stated they would seek the Court's intervention regarding the disputed discovery. However, Plaintiffs delayed filing their motion for three and a half months, filing it only on October 9, 2009, the last business day of the conditional discovery phase when there would be no time for any follow up discovery.

This undisputable course of conduct by the Plaintiffs says everything the Court needs to know about this motion.   Rather than raising a legitimate discovery dispute, this is nothing more than an attempt by Plaintiffs to delay filing their motion for conditional certification on its due date of October 26, 2009 so that they can engage in a fishing expedition wherein they hope to find something new to use as hook to support their class claim.   Plaintiffs seek to do this because they know that even under the lenient standard for initial certification of a FLSA collective action, conditional certification cannot be granted here based on the discovery so far.   Assistant manager trainees were not, as Plaintiffs allege in their Complaint, the "victims of a common policy or plan that violated the law" *Jacobsen v. Stop & Shop Supermarket Co.*, 2003 WL 21136308, at *3 (S.D.N.Y May 15, 2003).   The evidence Plaintiffs already have shows that McDonald's classifies manager trainees not as exempt employees but as non–exempt hourly employees under the fluctuating work week exemption to the FLSA.

---

[2] Plaintiffs also seek to compel discovery regarding communications by assistant managers requesting overtime and internal/external complaints concerning McDonald's timekeeping system. (Pl. Br. at 5 (D.I. 66).)   As set forth below, McDonald's has complied with these discovery requests.

## SUMMARY OF ARGUMENT

1.     Plaintiffs are not entitled, at this stage, to the names, addresses, telephone numbers, and email addresses of current and former non-party assistant manager trainees because such information is entirely irrelevant for the purposes of determining FLSA conditional certification based on the allegations in the Complaint.

2.     Plaintiffs are not entitled, at this stage, to the names, addresses, telephone numbers, and email addresses of current and former non-party assistant manager trainees because not only have Plaintiffs inexcusably delayed in bringing the instant motion, but granting access to the requested information would only serve to further delay this 15-month old case by pushing back Plaintiffs' motion for conditional certification for months.  Given the timing of this motion to compel, the Court should recognize the motion for what it is, an improper effort to delay this case in order to give the Plaintiffs more time to contrive a new theory for why class certification should be granted.

3.     Plaintiffs are not entitled, at this stage, to the telephone numbers and email addresses of current and former non-party assistant manager trainees because, given the allegations in the Complaint, the requested information has limited utility in light of the substantial discovery already conducted.  Further, Plaintiffs provide no authority for why the Court should order, prior to preliminary certification, the disclosure of sensitive personal information *without* the affected parties' knowledge of and consent to the disclosure.

4.     Plaintiffs are not entitled to a list of all corporate-owned restaurants in operation during the class period because not all restaurants employed assistant manager trainees and, in any case, such a list is wholly irrelevant to the issues presented by this Complaint at the conditional certification stage.

3

5.     McDonald's has already provided all documents in its possession responsive to Plaintiffs' Document Request No. 9.

6.     McDonald's has no documents in its possession responsive to Plaintiffs' Document Requests Nos. 10 and 11 other than those documents produced in response to Document Request No. 9, and does not have any information responsive to Plaintiffs' interrogatories Nos. 12 and 13.

## STATEMENT OF FACTS

### I.     Background

At the outset of this litigation, and in order to expedite the handling of this case, the parties agreed to bifurcate discovery, thereby conducting only limited discovery leading up to Plaintiffs' motion for FLSA conditional certification.   Discovery to address conditional certification was originally to be completed by May 29, 2009, and the deadline by which Plaintiffs were to move for conditional certification was initially set for June 12, 2009.   These timelines were twice extended by agreement of the parties so that conditional certification discovery ended on October 12, 2009, and Plaintiffs' motion for conditional certification is now due on October 26, 2009.

Given that this case has been active for 15 months, Plaintiffs have had ample time to conduct any discovery needed to file a motion for conditional certification.   Indeed, Plaintiffs have in fact propounded written discovery for which McDonald's has produced more than 3,700 pages of documents relating to the assistant manager initial training period and the compensation system under which assistant managers are paid during that training period.   Further, Plaintiffs have taken two full days of deposition testimony from McDonald's Rule 30(b)(6) corporate representatives covering the following exhaustive list of topics:

4

1. McDonald's classification of its assistant managers as exempt or non-exempt during the initial training period;

2. the job duties, tasks and responsibilities of McDonald's assistant managers during the initial training period;

3. McDonald's policies, practices, and procedures regarding its compensation of assistant managers during the initial training period;

4. McDonald's policies regarding the tracking and recording of time worked by assistant managers during the initial training period;

5. McDonald's expectations regarding how many hours assistant managers work during the initial training period;

6. the nature, content, and requirements of the initial training period for assistant managers;

7. the structure, organization, and hierarchy within McDonald's corporate-owned restaurants;

8. all electronic and machine-readable databases and files containing payroll and time-keeping information for assistant managers during the initial training period;

9. the location of hard copy payroll and time-keeping information for assistant managers during the initial training period; and,

10. McDonald's preservation of information relevant to this litigation.

The result of this discovery is that, contrary to the allegations in their Complaint, Plaintiffs have learned that McDonald's *does not* classify its assistant managers as exempt, but rather classifies them as non-exempt employees under the fluctuating workweek method as permitted under the FLSA (except those employed in California and Alaska who are classified as non-exempt and paid on an hourly basis with overtime paid according to those states' laws). (Weaver Dep. at 163:22-164:12, 185:24-186:6, 188:25-189:2, attached hereto as Exhibit A; Hegarty Dep. at 47:18-15, 48:6-23, 146:17-25, 150:10-22, attached hereto as Exhibit B.) Additionally, Plaintiffs have obtained voluminous documentation and substantial information regarding McDonald's policies with respect to assistant managers during the initial training

period with respect to their job duties and responsibilities and specific aspects of how the managers record their time and are compensated during the training period.

## II.    Requests for Documents at Issue in the Plaintiffs' Motion to Compel

In its March 30, 2009 discovery responses, McDonald's objected to producing the class member list and the list of corporate-owned restaurants at issue in the instant motion stating, among other things that the information was not relevant to the issue of class certification. *See* Def.'s 3/30/09 Answers and Objections to Interrogatory Nos. 1 and 2 (Exhibit B to Declaration of Shanon J. Carson, D.I. 65); Def.'s 03/30/09 Responses and Objections to Production Nos. 14 and 17 (Exhibit B to Declaration of Shanon J. Carson, D.I. 65). The parties met and conferred on multiple occasions concerning McDonald's objections, and each time Plaintiffs indicated that they would soon seek to compel the disputed discovery. This culminated in a June 26, 2009 conversation with counsel for Plaintiffs, Ellen Noteware, wherein she advised counsel for McDonald's, Erika Dillon, that Plaintiffs would soon file their motion to compel. (Dillon Declaration at ¶¶ 4-5, attached hereto as Exhibit C.)

However, months went by and no motion was ever filed. Then, on the final business day prior to the October 12, 2009 close of conditional certification discovery, more than six months after first learning that McDonald's would not produce the disputed information, Plaintiffs moved to compel the names, addresses, phone numbers, and email addresses for all of the individuals who fall within their class definition and a list of company-owned restaurants in operation throughout the class period regardless of whether the restaurants in question even employed assistant manager trainees during that time. Plaintiffs' also moved to compel other information for which a full response had already been given, including assistant manager trainee

communications requesting overtime or overtime pay and information concerning complaints and investigations.

## ARGUMENT

### I.   Plaintiffs are not entitled to the potential class member list

#### A.   A class list is relevant only if this case is conditionally certified as a collective action

There is now a well-recognized order to FLSA collective actions in which courts apply a two-step approach to certification: the plaintiffs seek conditional certification and, only if successful, is notice subsequently issued to potential opt-in class members.  Assuming that some putative class members join the lawsuit, the parties *then* engage in merits-based discovery before the defendant moves to decertify the conditionally certified class, and a final order of certification or decertification is issued before trial.  *E.g.*, *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *see also Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F.Supp.2d 411, 414-15 (D.Del. 2007).  McDonald's does not dispute that, if this Court conditionally certifies the instant case as a collective action, it will be required to produce the names and addresses of individuals within the scope of the defined class.  However, granting a motion to compel such information in this case at the pre-conditional certification discovery stage is wholly inappropriate, given Plaintiffs' delay in moving to compel such information, considering the allegations in the Complaint, and in light of the substantial discovery already conducted by Plaintiffs in this case.

Plaintiffs' assert in their motion to compel that they need the names and personal information of current and former assistant manager trainees so they can interview those individuals and obtain affidavits to support their motion for conditional certification.  (Pl. Br., D.I. 66 at p.9.)  Most importantly, Plaintiffs' own actions belie their argument.  If such data was

7

as crucial for their conditional certification analysis as Plantiffs claim, they would not have waited over six months to file their motion to compel thereby leaving insufficient time, even if their motion were granted, to conduct the interviews and obtain the affidavits they say they need to support their motion for conditional certification by the October 26 filing deadline.[3]

Moreover, the information sought is of little utility to the allegations in Plaintiffs' currently pending Complaint. According to Plaintiffs own Complaint, the issue here is whether McDonald's has a policy to treat manager trainees as exempt employees. (First Am. Compl. (D.I. 3) at ¶ 26.) For that issue, the Plaintiffs already possess a trove of information regarding the facts needed to address that issue at this stage in the proceedings. In particular, McDonald's has produced voluminous documentation showing the substance of the training program, assistant manager trainees duties and responsibilities during the training period, and the manner in which assistant manager trainees are compensated during that period, including documentation showing McDonald's policy of paying its assistant manager trainees overtime under the fluctuating workweek method. (*See, e.g.*, Def. 3/30/09 Ans. to Interrogatory No. 9 (Exhibit B to Declaration of Shanon J. Carson, D.I. 65); Weaver Dep. at 163:22-164:12, 185:24-186:6, 188:25-189:2; Hegarty Dep. at 47:18-15, 48:6-23, 146:17-25, 150:10-22.) In addition, Plaintiffs have elicited deposition testimony specifically related to McDonald's policies regarding the training period and the method of compensation during that period. As a result, Plaintiffs are

---

[3] Even assuming, *arguendo*, that Plaintiffs were to prevail in their request for this contact information, they will not receive it before the deadline for filing their conditional certification motion and will need additional time to contact, and attempt to elicit declarations from, potential class members. Assuming that Plaintiffs can convince some potential class members to give declarations, which is certainly not a given, Plaintiffs will need to disclose those individuals as witnesses and produce their declarations under Rule 26, at which point McDonald's will almost certainly seek to take their depositions. Put simply, Plaintiffs' request for contact information at the eleventh hour, a full six months after they received McDonald's response to the discovery requests at issue, threatens to delay this case for months.

already in possession of exactly the type of information they claim to need from and about putative class members, *i.e.* whether McDonald's has a "common policy or plan that violated the law." *Jacobsen*, 2003 WL 21136308, at *3. Specifically, the Plaintiffs already know, contrary to the allegations in the Complaint, McDonald's classifies manager trainees as non–exempt hourly employees under the fluctuating work week exemption to the FLSA. (Def. 3/30/09 Ans. to Interrogatory No. 9 (Exhibit B to Declaration of Shanon J. Carson, D.I. 65); Weaver Dep. at 163:22-164:12, 185:24-186:6, 188:25-189:2; Hegarty Dep. at 47:18-15, 48:6-23, 146:17-25, 150:10-22.)

In cases where plaintiffs have the type of information they posses here, Courts routinely deny discovery of the personal information of potential class members prior to FLSA conditional certification because they recognize that such information is not necessary to the certification analysis. For instance, in *Knutson v. Blue Cross & Blue Shield of Minnesota*, 254 F.R.D. 553, 558 (D. Minn. 2008), the court denied the plaintiffs' request for individual putative class discovery because there was no benefit in putting the defendant to the burden of producing contact information for more than 1,200 potential class members where the plaintiffs already possessed substantial information relating to the class. Similarly, the court in *Stephens v. Erosion Containment Mgmt., Inc.*, No. 8:07-CV-1995, 2008 U.S. Dist. LEXIS 40986 (M.D. Fla. May 21, 2008) denied the plaintiffs' request for putative class member contact information finding that under the two-step approach to FLSA certification such discovery "is suitable **after step one is completed.**" *See also Crawford v. Dothan City Bd. Of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003) (denying the request for contact information because such discovery is premature) (emphasis added); *Salinas v. O'Reilly Auto., Inc.*, No. 04-CV-1861-B, 2005 WL 3783598, *1 (N.D. Tex. Nov. 17, 2005) (ruling that the defendant need not produce the names and addresses

9

of similarly situated individuals until such time as the court determined whether the case should be conditionally certified); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, No. CIV 06-4073, 2007 WL 404703, at *3-*4 (D.S.D. Feb. 1, 2007) (refusing to compel identity and personal contact information of potential class members even in a Rule 23 class action because such information is neither helpful nor necessary to decide certification and recognizing that "'[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage . . .'") (citation omitted).

This Court should follow the precedent set in both *Stephens* and *Knutson* for largely the same reasons set forth in those decisions. Just as in those cases, here there is no legitimate rationale for putting McDonald's through the burden of producing names and sensitive personal information for more than 1,000 current and former employees when the information sought is of dubious value to Plaintiffs and where doing so would so clearly cause even more delay.

These facts distinguish the instant case from those cited by Plaintiffs. In *Stillman v. Staples, Inc.*, No. 07-849 (KSH), 2007 U.S. Dist. LEXIS 58873, at *2-3 (D.N.J. July 30, 2007), the court allowed discovery of the identity and contact information for potential class members so the plaintiffs' counsel could interview them to determine whether or not similarly situated individuals exist and determine whether the potential class members possessed any discoverable information about the defendant's practices. Further, in *Sjobloom v. Charter Communications, LLC*, 2008 WL 4276928, at *2-3 (W.D. Wis. Jan. 4, 2008), another case cited by Plaintiffs, the court allowed similar discovery specifically because it had "reserved ruling on conditional certification until plaintiff has had the opportunity to produce further evidence that he is similarly situated to other employees of defendant nationwide. The identity of defendant's employees and

10

employment practices related to those employees are reasonably likely to yield support for plaintiff's class allegations."

As already noted, the issue of conditional certification has been focused *by Plaintiffs* on whether McDonald's has a *policy* to treat its assistant manager trainees as exempt. First. Am. Compl. (First Am. Complaint, D.I. 3, at ¶ 26.) That issue can be and indeed is answered definitively by the documents and written and oral discovery that Plaintiffs already possess. Thus, unlike in the cases cited by Plaintiffs, in this instance, Plaintiffs have not shown any need to obtain personal information of non-parties without their knowledge or consent. *Knutson*, 254 F.R.D. at 558 (acknowledging that courts have the discretion to deny discovery relating to putative class members under Rule 26 depending on the burden imposed, its likely benefits, the needs of the case, and other factors); *Anderson v. Perdue Farms, Inc.*, No. 1:06-CV-1000, 2007 WL 4554002, at *1 (M.D. Ala. Dec. 20, 2007) (same).

Plaintiffs have not cited a single instance where a court granted the type of discovery requested here in a situation where the parties had already conducted extensive discovery prior to conditional certification. To the contrary, the cases cited by Plaintiffs involve markedly different scenarios in which little or no discovery was exchanged prior to the motion for conditional certification or where the motion was denied for lack of evidence and the plaintiffs were granted additional discovery to use in renewing their motion. *See Fei v. WestLB AG*, No. 07CV8785 (HB)(FM), 2008 U.S. Dist LEXIS 33310, at *5-6 (S.D.N.Y. April 28, 2008) (granting discovery in order to help plaintiffs define the class and show that there are enough similarly situated individuals that the action should be conditionally certified); *Marden v. T-Mobile USA, Inc.*, No. C05-2112 RSM, 2006 WL 1727987 (W.D. Wash. June 22, 2006) (relying on *Spellman v. Visionquest Nat'l, Ltd.*, 1998 U.S. Dist. LEXIS 4298 (W.D.Penn.1998) which allowed "minimal

11

discovery" to properly define the class); *Morales v. Plantworks, Inc.*, No. 5 Civ. 2349 (DC), 2006 WL 278154 (S.D.N.Y. Feb. 1, 2006) (allowing plaintiffs to discover the names and addresses of the putative class members only after denying conditional certification in order to afford plaintiffs the opportunity to discover **additional** facts to support a renewed motion for conditional certification); *Flores v. Osaka Health Spa, Inc.*, No. 05 Civ. 962VMKNF, 2006 WL 695675 (S.D.N.Y. March 16, 2006) (allowing discovery of only the names of potential class members and only after denying conditional certification where the plaintiffs had failed to make a modest showing that the defined class was similarly situated).

The fact of the matter is that the information sought in this motion to compel is not necessary for a determination of the appropriateness of the class that Plaintiffs sought in their Complaint.  If it had been, then presumably it would have been filed before now.  Rather, this motion to compel is just a delaying tactic which Plaintiffs hope will allow them the time and the information to engage in a fishing expedition whereby they can find something else to use as a basis to support their class claim.  As such, the motion to compel at issue is not a legitimate attempt to obtain needed information.  It is a misuse of the discovery process, which this Court, in its discretion, can and should stop.  *See, e.g., Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196 (E.D. Mich. 2002) (district courts enjoy broad discretion in managing discovery); *Trimbur v. Kentucky Lottery Corp.*, 64 Fed.Appx. 970, 975 (6th Cir. 2003) (affirming the denial of a motion to compel as untimely where the requesting party waited until two weeks before trial).

**B.      Even if the class list is relevant for conditional certification, the balancing of factors weighs against production at this stage**

        **1.      The private nature of the material requested outweighs any need that Plaintiffs may have for the information**

Even assuming Plaintiffs could show that they have some need for the disputed information to support their motion for conditional certification (which they cannot), such discovery is subject to limitations which may be imposed within the sound discretion of this Court, balancing the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties. *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263, 268 (D. Colo. 1990); *National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 276-77 (D.Conn.1980); *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2nd Cir.1978); *see also East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405-06 (1977).  Under this balancing test, the Plaintiffs' motion to compel also fails.

Here Plaintiffs seek private information about assistant manager trainees who have neither filed their consent to join this litigation nor been named as witnesses.  These individuals have a reasonable expectation that personal information such as home addresses, phone numbers, and personal e-mail addresses (all of which Plaintiffs have requested) will be kept confidential by their employer.  *Onkuwa v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997) (noting that even if relevant, "courts have been reluctant to permit discovery when the requested disclosures would intrude upon the privacy interests of other non-party employees").

Clearly, the harm of disclosure of individual private information outweighs Plaintiffs' at best minimal need for the information given the express allegations in their Complaint.  *See* Fed. R. Civ. P. 26(b)(2)(c); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553 (N.D. Ill. 2008); *Knutson*, 254 F.R.D. at 558; *Anderson v. Perdue Farms, Inc.*, No. 1:06-CV-1000, 2007 WL 4554002, at *1 (M.D. Ala. Dec. 20, 2007).  To force McDonald's to produce the names and personal contact information for current and former employees at a stage where the scope of the

case is unknown is an unreasonable intrusion on the privacy of McDonald's employees who have a legitimate expectation that their personal information will remain private.

### 2.    Plaintiffs are not entitled to personal email addresses or telephone numbers

In any event, this Court should deny outright Plaintiffs' request for email addresses because they never sought that type of contact information during discovery or outside of the instant motion. (Pl. Br., D.I. 66, at 5.)  Namely, Interrogatory Number 2 which is purportedly the source of this discovery request asks McDonald's to "'[i]dentify by name, last known address, last known telephone number, and social security number" every assistant manager trainee during the class period, and Plaintiffs' definition of the term "identify" as used in their discovery requests expressly does not include the disclosure of any email addresses.  (Ex. A to the Declaration of Shanon J. Carson, D.I. 65, Interrogatories at 2 & Document Requests at 4.) Secondly, even if the Court orders McDonald's to turn over such information, McDonald's could not do it because it does not require its employees to furnish personal email addresses and it does not normally maintain home email addresses for its employees in the regular course of business. (Hegarty Declaration at ¶¶ 5-6, attached hereto as Exhibit D.)  To respond to a production request, McDonald's is not required to create information, it is merely required to produce information it has. *Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 305, 310 (D.D.C. 2000) ("Rule 34 . . . only requires a party to produce documents that are already in existence"; party "is not required to prepare, or cause to be prepared, new documents solely for their production.").

Further, an order requiring McDonald's to disclose email addresses and home telephone numbers of its current and former assistant manager trainees would in effect serve to prematurely notify an entire nationwide putative class about the existence of this litigation before this Court

14

067932.1001

has the opportunity to analyze whether conditional certification is appropriate. Doing so would invade this Court's prerogative to order and control the content and timing of notice. Further, this type of disclosure would allow Plaintiffs to directly solicit participation in a class before conditional certification has been addressed. *Flanigan v. Am. Fin. Sys. of Ga.*, 72 F.R.D. 563, 563 (M.D.Ga.1976) ("Rule 23 should not be used as a device to enable client solicitation").

II.   **The location of all McDonald's corporate-owned stores is not relevant for any claim or defense at issue in this lawsuit**

A list of McDonald's corporate-owned stores is irrelevant for at least three reasons. First, not all corporate-owned stores had assistant manager trainees during the relevant time period. Accordingly, such a list, containing both stores that did and did not have assistant manager trainees would not even help Plaintiffs "determine the geographic scope of the class" and certainly would not allow Plaintiffs to determine the "actual stores that are issue in the case" as Plaintiffs state in their motion. (Pl. Br., D.I. 66, at p.11.) Second, such a list is irrelevant because it would contain stores in California and, possibly, in Alaska, where assistant manager trainees were paid differently (by the hour and not according to the fluctuating workweek method) than assistant manager trainees in other parts of the country. Third, even a list of stores that did have assistant manager trainees during the relevant time period holds no relevance to conditional certification in light of the fact that McDonald's does not dispute that it has trained its assistant managers across the country.

The geographic scope of the class and which stores are at issue will provide absolutely no insight into whether assistant manager trainees are or were similarly situated with regard to Plaintiffs' allegations of misclassification. Instead, McDonald's policies and practices with respect to those assistant manager trainees are relevant to that determination and Plaintiff is

15

already in possession of documents, interrogatory responses, and deposition testimony setting forth that information.

### III.   McDonald's has already complied with Interrogatory Nos. 12 and 13 and Requests for Production Nos. 9, 10, and 11

In Request for Production No. 9, Plaintiffs sought documents regarding communications by assistant managers in the initial training program requesting overtime or overtime pay and related responses. McDonald's has already produced the requested documents. Specifically, McDonald's served its Supplemental Response and Objections to Plaintiffs' First Request for Production No. 9 on June 23, 2009 and produced corresponding documents Bates Nos. 2471-2478. Accordingly, Plaintiffs' Motion to Compel is moot as to Request for Production No. 9.

With respect to the remainder of the Requests and Interrogatories at issue in Plaintiffs' motion, McDonald's has no documents in its possession responsive to Plaintiffs' Document Requests Nos. 10 and 11 other than those documents produced in response to Document Request No. 9, and does not have any information responsive to Plaintiffs' interrogatories Nos. 12 and 13, and thus these claims are also moot.

16

## CONCLUSION

For all the reasons stated herein, the Plaintiffs' Motion to Compel should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ James L. Higgins*

Melanie K. Sharp (No. 2501)
Scott A. Holt (No. 3399)
James L. Higgins (No. 5021)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com, sholt@ycst.com,
jhiggins@ycst.com

Paul R. Garry
Erika Dillon
Kristen A. Weisse
Jason E. Barsanti
MECKLER BULGER TILSON MARICK &
PEARSON LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7900

Dated:  October 23, 2009                    *Attorneys for Defendant McDonald's Corporation*

## CERTIFICATE OF SERVICE

I, James L. Higgins, hereby certify that on October 23, 2009, I caused to be electronically filed a true and correct copy of Defendant's Answering Brief in Opposition to Plaintiffs' Motion to Compel Discovery Requests with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Timothy J. Wilson
The Wilson Firm
24 Deerborne Trail
Newark, DE 19702-2044

I further certify that on October 23, 2009, I caused a copy of the foregoing document, to be served on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

## BY E-MAIL (BY AGREEMENT OF COUNSEL):

Jonathan Berger
Shanon J. Carson
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Todd M. Schneider
Joshua Konecky
Camilla Roberson
Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

*/s/ James L. Higgins*

James L. Higgins (No. 5021)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801
(302) 571-5034
jhiggins@ycst.com

18