```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

ALISSA M. JUSTISON and          :
JOSEPH M. CAPITANI, JR.,        :
on behalf of themselves and     :
all others similarly situated   :
                                :
              Plaintiffs,        :
                                :
     v.                         :    C.A. No. 08-448-JJF
                                :
MCDONALD'S CORPORATION,         :
                                :
              Defendant.        :
```

## MEMORANDUM ORDER

Presently before the Court is a Motion To Compel Compliance
With Discovery Requests filed by Plaintiffs Alissa M. Justison
and Joseph M. Capitani, Jr., on behalf of themselves and all
others similarly situated ("Plaintiffs"). (D.I. 64.)

## I. BACKGROUND

On July 17, 2008, Plaintiffs filed this suit as a purported
collective action against Defendant McDonald's Corporation
("Defendant") pursuant to Section 216(b) of the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. § 216(b). In their First
Amended Complaint, Plaintiffs allege violations of the FLSA, 29
U.S.C. § 201, et seq., and seek past wages owed in the nature of
unpaid overtime pay, and other damages. (D.I. 3 ¶ 1.)
Specifically, Plaintiffs allege that the corporate-owned
McDonald's stores in the United States hire individuals to work
as assistant managers, and that the assistant managers are

required to undergo a mandatory one to three month training period. (Id. ¶¶ 4-5.) During this period, Plaintiffs allege that it is Defendant's policy to classify assistant manager trainees as salaried exempt managerial employees. (Id. ¶ 3.) However, according to Plaintiffs, assistant manager trainees do not perform managerial duties, but rather, perform the same non-exempt duties as non-managerial employees, such as working at the cash register and taking and filling orders. (Id. ¶ 6.) Moreover, Plaintiffs allege that it is Defendant's policy to require or permit assistant manager trainees to work more than forty hours per week. (Id. ¶ 9.) Because they are wrongly classified as exempt employees during the training period, Plaintiffs allege that Defendant does not compensate assistant manager trainees for overtime worked in violation of the FLSA. (Id. ¶¶ 8-10.)

## II. PARTIES' CONTENTIONS

By their Motion, Plaintiffs seek to compel Defendant to produce information responsive to Interrogatory Nos. 1 and 2 and Requests for Production Nos. 14 and 17 from Plaintiffs' First Set of Interrogatories and Requests for Production.[1] (D.I. 66, at

---

[1] Plaintiffs also initially sought to compel Defendant to produce information responsive to Interrogatory Nos. 12 and 13 and Requests for Production Nos. 9, 10, and 11. Based on Defendant's representations that they have no responsive information and that any responsive documents have been produced, respectively, Plaintiffs withdrew their Motion with respect to these items.

6.) Specifically, Plaintiffs seek two categories of information: (1) a list of potential class members, along with their contact information, and (2) a list of all corporate-owned stores in the United States that have been in operation since July 18, 2005. (Id. at 6, 11.) With respect to the class list, Plaintiffs contend that this information is necessary to interview witnesses, and to show that there is a group of similarly situated individuals for their motion for conditional certification. (Id. at 6-7.) Further, Plaintiffs contend that this information is relevant, and that courts frequently permit production of class member contact information in wage and hour disputes. (Id. at 7.) With respect to the list of corporate-owned stores, Plaintiffs contend that this information is necessary to identify stores where potential witnesses have worked, and to determine the geographic scope of the class in order to prepare their motion for conditional certification. (Id. at 11.) In addition, Plaintiffs note that Defendant has indicated its willingness to produce a list of all corporate-owned stores currently in operation, but that there is no logic in refusing to also list those stores that were in operation back to July 2005. (Id.)

Defendant objects to producing both categories of information. Defendant contends that the issue at this stage of proceedings is whether Defendant has a policy of treating

3

assistant manager trainees as exempt employees, that the class
list is not relevant to that issue, and moreover, that Plaintiffs
have already obtained sufficient discovery to address that issue.
(D.I. 68, at 8.)  Defendant contends that in cases where similar
types of information have been produced, courts routinely deny
discovery of a class list prior to conditional certification.
(Id. at 9.)  Even if the Court deems the class list relevant at
this stage, Defendant contends that production is inappropriate
because the individuals on the list have a reasonable expectation
of privacy in their personal information, and the harm of
production outweighs Plaintiffs' potential need for the
information.  (Id. at 13.)  Additionally, Defendant contends that
ordering production of the list would allow Plaintiffs to solicit
participation in a class before conditional certification, and
would effectively serve to notify the putative class of this
action.  (Id. at 14-15.)  With respect to the list of corporate-
owned stores, Defendant contends the information is irrelevant
because not all corporate-owned stores had assistant manager
trainees during the relevant period, because it would contain
stores in California and Alaska where assistant manager trainees
were paid differently, and because Defendant does not dispute
that it has trained assistant managers nationwide.  (Id. at 15.)

     Finally, Defendant generally contends that Plaintiffs'
Motion represents an abuse of the discovery process because

4

Plaintiffs did not file it until October 9, 2009, three and a
half months after learning Defendant was disputing this
discovery. (Id. at 2.) According to Defendant, the present
Motion is an attempt to delay filing of the motion for
conditional certification, which would have been due on October
26, 2009. (Id.)

## III. DISCUSSION

In relevant part, Section 216(b) of the FLSA provides

An action to recover the liability prescribed in either of
the preceding sentences may be maintained against any
employer (including a public agency) in any Federal or State
court of competent jurisdiction by any one or more employees
for and in behalf of himself or themselves *and other
employees similarly situated.* No employee shall be a party
plaintiff to any such action *unless he gives his consent* in
writing to become such a party and such consent is filed in
the court in which such action is brought.

29 U.S.C. § 216(b)(emphasis added). Thus, the FLSA permits
collective action where (1) the employees are "similarly
situated," and (2) they consent in writing to opt-in, or to
participate in, the action. E.g., Marrero v. KRA Corp., C.A. No.
09-cv-2516-JF, 2010 WL 678123, at *1 (E.D. Pa. Feb. 23, 2010);
Krstic v. J.R. Contracting and Envtl. Consulting, C.A. No. 09-cv-
2459(PGS), 2010 WL 395953, at *1 (D.N.J. Feb. 4, 2010). In
determining whether the "similarly situated" requirement is met,
district courts in the Third Circuit have developed a two-stage
test. Villanueva-Bazaldua v. TruGreen Ltd. Partners, 479 F.
Supp. 2d 411, 414 (D. Del. 2007)(citing Morisky v. Public Serv.

5

Elec. & Gas. Co., 111 F. Supp. 2d 493 (D.N.J. 2000)). During the
first stage, the notice stage, courts generally examine the
pleadings and affidavits of the parties to determine whether
notice should be given to potential class members. Id. at 414-
15. Where some discovery has taken place before a decision on
conditional certification is made,[2] district courts in the Third
Circuit have required a modest "factual showing" that the
similarly situated requirement is satisfied. Id. at 415; see
also Bamgbose v. Delta-T Group, Inc., 684 F. Supp. 2d 660, 667-68
(Ed. Pa. 2010)("Courts typically require a 'modest factual
showing' that the putative class members are similarly situated,
particularly when the parties have engaged in some discovery.");
Bishop v. AT & T Corp., 256 F.R.D. 503, 507 (W.D. Pa. 2009). At
the second stage, after class-related discovery has concluded,
courts require a higher level of proof that the parties are
"similarly situated," and may decertify the class. Bamgbose,
2010 WL 431711, at *5; see also Villanueva, 479 F. Supp. 2d at
415.

    After a collective action has been conditionally certified,
it is appropriate for a district court to permit discovery of a
class list. See Felix De Ascencio v. Tyson Foods, Inc., 130 F.
Supp. 2d 660, 662-63 (E.D. Pa. 2001)(citing Hoffman-La Roche,

_____

[2] The parties agreed to engage in a preliminary stage of
discovery relating to conditional certification issues. (D.I.
33, at 3.)

Inc. v. Sperling, 493 U.S. 165, 170 (1989))(finding that if the
district court conditionally certifies a class in a FLSA action,
"[t]he district court may facilitate this notice by allowing
discovery of the names and addresses of potential plaintiffs").
However, district courts are divided as to the appropriateness of
discovery of a class list prior to conditional certification.
Compare Crawford v. Dothan City Bd. Of Educ., 214 F.R.D. 694, 695
(M.D. Ala. 2003)(finding discovery of a class list premature
where no collective action was conditionally certified) with
Sjoblom v. Charter Commc'ns, LLC, No. 3:07-cv-0451-bbc, 2008 WL
4276928, at *2-3 (W.D. Wis. Jan. 4, 2008)(granting motion to
compel and ordering defendant to produce discovery related to
prospective class members prior to conditional certification) and
Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 553-54 (N.D.
Ill. 2008)(ordering defendants to produce contact information of
similarly situated employees because "'provisional certification
is not necessarily a prerequisite for conducting limited
discovery' for defining the proposed class").

In the United States District Court for the District of New
Jersey, in the case of Stillman v. Staples, Inc., C.A. No. 07-
849(KSH), 2007 U.S. Dist. LEXIS 58873, the defendant was ordered
to produce the names, addresses, positions and titles of
employees with the same or similar job duties as the plaintiff
prior to conditional certification. Stillman, 2007 U.S. Dist.

LEXIS at *4. The court reasoned that disclosure of this
information would allow the plaintiff to identify individuals who
might be similarly situated employees, and to see if these
individuals had any discoverable information about the
defendant's practices. Id. Further, the court noted that "[t]he
focus is whether or not the employees were impacted by a common
policy," and that "discovery aimed to gather information about
this subject is relevant and the proper topic for an
interrogatory even before the collective action is certified."
Id. at *2 (citations omitted).

Similarly, in this action, the Court concludes that a list
containing the names and contact information of potential class
members "appears reasonably calculated to lead to the discovery
of admissible evidence" on the claim that Defendant engages in a
policy of wrongly classifying assistant manager trainees. See
Fed. R. Civ. P. 26(b)(1). Accordingly, under the liberal
discovery standards of Rule 26, Defendant will be ordered to
provide such a list to Plaintiffs.[3] Likewise, the Court
concludes that a list of all corporate-owned stores in operation
since July 2005 is relevant to identifying where potential
witnesses may have worked, and Defendant will also be ordered to

---

[3] Defendant need only provide such contact information as it
has available. The Court accepts Defendant's representation that
it does not maintain the personal email addresses of its
employees in the regular course of business. (D.I. 68, Ex. D.
Hegarty Decl. ¶¶ 5-6.)

produce that information.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion To Compel Compliance With Discovery Requests (D.I. 64) is **GRANTED**.

June <u>11</u>, 2010
    DATE

                UNITED STATES DISTRICT JUDGE

9