IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALISSA M. JUSTISON and JOSEPH M. CAPITANI, JR., on behalf of themselves individually and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McDONALD'S CORPORATION (a Delaware corporation),<br><br>Defendant. | C.A. No. 08-448 (LPS)<br><br>[PROPOSED] ORDER  |

The parties in this action have submitted a Joint Motion for Approval of the Settlement Agreement. Upon consideration of the Motion; the Settlement Agreement; the "Notice of Fair Labor Standards Act Settlement" and "Claim and Opt-In Form" attached as Exhibits A and B to the Settlement Agreement, respectively; the three declarations of Plaintiffs' Counsel submitted in support of the motion; and all other settlement documents and the pleadings in the case as a whole, and having concluded that the terms set forth in the parties' Settlement Agreement represent a fair and reasonable resolution of a *bona fide* dispute, the Court hereby enters the following order:

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is approved in its entirety, and is a fair and reasonable resolution of the parties' *bona fide* dispute;

2. This action is certified as an FLSA collective action pursuant to 29 U.S.C. § 216(b) for the purpose of settlement on behalf of "all individuals employed in the United States as Assistant Manager Trainees by McDonald's Corporation during the time period from February 23, 2006 to July 16, 2010" (the "potential Opt-In Plaintiffs");

3. The Court approves the "Notice of Fair Labor Standards Act Settlement" and "Claim and Opt-In Form" attached as Exhibits A and B to the Settlement Agreement, respectively, so that the potential Opt-In Plaintiffs can receive notice and the opportunity to participate and receive money from this Settlement;

4. Pursuant to Paragraph 2(b) of the Settlement Agreement, Rust Consulting, Inc. is appointed as the Claims Administrator and shall undertake all duties assigned to the Claims Administrator in the Settlement Agreement;

5. Pursuant to Paragraph 19(a) of the Settlement Agreement, in exchange for the release of all Claims Released, the Named Plaintiffs and Moshin Ali shall each receive an additional $10,000.00 for their efforts in bringing and prosecuting this matter;

6. Pursuant to Paragraph 19(b) of the Settlement Agreement, Plaintiffs' Counsel fees shall be $800,000.00 (approximately 33% of the Gross Settlement Amount), and shall compensate Plaintiffs' Counsel for work already performed in this case as well as all of the work remaining to be performed in this case, and Plaintiffs' Counsel's costs shall be $16,000.00;

7. Pursuant to Paragraph 19(c) of the Settlement Agreement, Claims Administration fees and costs shall not exceed $50,000.00; and

8. Pursuant to Paragraph 15 of the Settlement Agreement, within forty-five days after the end of the 60-day notice period, Plaintiffs' Counsel shall file a declaration of Plaintiffs' Counsel and the declaration of the Claims Administrator setting forth the status of the settlement, and stating that all terms and provisions of the Settlement Agreement have been followed, and at that time, shall present a proposed Order regarding final judgment and a stipulated request for dismissal of the entire action with prejudice.

IT IS SO ORDERED, this \_\_\_9th\_\_\_ day of \_\_\_November\_\_\_, 2010.

_____
Leonard P. Stark
United States District Judge